**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TWENTY-ONE THOUSAND FOUR HUNDRED
DOLLARS ($21,400.00) IN UNITED STATES
CURRENCY,

        Defendant *In Rem*.

_____/

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, the United States of America, hereby files this Verified Complaint for Forfeiture *In Rem* and in support alleges that:

**I.**     **INTRODUCTION AND DEFENDANT *IN REM***

1. This is a civil action against Twenty-One Thousand Four Hundred U.S. Dollars ($21,400.00) (the "Defendant *In Rem*") that was seized at the Fort Lauderdale/Hollywood International Airport ("FLL") on or about April 30, 2020, from David Wanger ("Wanger"). The Defendant *In Rem* is currently located in Broward County, Florida, which is within the Southern District of Florida.

2. The Defendant *In Rem* is subject to civil forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and/or as monies used or intended to be used to facilitate a violation of Title 21, United States Code, Section 801 *et seq*.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this subject matter pursuant to Title 28, United States Code, Sections 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant *In Rem* pursuant to Title 28, United States Code, Section 1355.

5. This Court has venue pursuant to Title 28, United States Code, Sections 1355 and 1395 as the acts or omissions giving rise to the forfeiture occurred in this District, and because the Defendant *In Rem* is located in this District.

## III. FACTUAL ALLEGATIONS

6. On or about April 30, 2020, two law enforcement officers encountered Wanger at the American Airlines kiosk at FLL. Wanger was checking in for his American Airlines flight to San Diego, California with a connection in Charlotte, North Carolina.

7. Although the officers were both wearing protective masks, they both smelled an overwhelming odor of burnt marijuana emanating from Wanger, his backpack, and his carry-on suitcase.

8. The officers identified themselves to Wanger, and upon their request, Wanger provided his Florida driver's license and boarding passes to them.

9. Wanger was asked by one of the officers if he still resided at the address on his driver's license, which was an address in Boynton Beach, Florida ("Boynton Beach Address"). Wanger stated that he did not reside at the Boynton Beach Address anymore, and now resides at an apartment in Miami, Florida, providing the address ("Miami Address").

10. Wanger was then asked about the purpose of his travel and if he was carrying any prohibited or illegal items on him or in his bags. Wanger replied he was traveling to San Diego,

California to "hang out." Wanger stated he was not carrying any prohibited items or illegal items, and that he had packed his own bags. Wanger also stated that his bags only contained personal items. Wanger was then asked if his bags could be searched. In response, Wanger consented to a search of his belongings, which included a backpack and a carry-on suitcase.

11. While Wanger was getting his Florida driver's license from his wallet, one of the officers noticed a large bundle of U.S. currency in one-hundred dollar bill denominations inside of Wanger's wallet. When asked about the currency in his wallet, Wanger stated he had approximately $6,500.00 in his wallet that was for his friend ("Friend").

12. A subsequent count of the U.S. currency recovered from Wanger's wallet revealed it to be approximately $4,300.00.

13. Wanger was asked about the overwhelming odor of burnt marijuana coming from his person and belongings. Wanger said he smoked marijuana prior to coming to the airport. Wanger also stated that he was not a medical marijuana patient, and he did not have a medical marijuana card.

14. Although Wanger had initially indicated that he did not have any additional currency in his bags, when he saw one of the officers pull a white Chase Bank envelope out of his backpack, Wanger stated the currency inside the envelope, which he indicated was approximately $6,500.00, was to get his Friend's Dodge Challenger out of an impound in Mexico. Wanger stated that the Mexican police towed and impounded his Friend's vehicle.

15. A subsequent count of the U.S. currency recovered from the envelope revealed it to be approximately $6,500.00.

16. A search of Wanger's backpack also revealed five (5) small blue sheets of paper, each with the title "FedEx Account Number." Four (4) of the FedEx Account Number blue sheets

had handwritten information indicating the name and address of the recipient, or the sender and the recipient. One (1) FedEx Account Number sheet displayed the sender as "D. Wanger" with the same address that appeared on Wanger's Florida driver's license. All four (4) sheets listed the recipient as an individual ("Individual 1") at the Miami Address, which Wanger earlier had told the officers was his current residence. Two (2) of these four (4) FedEx Account Number blue sheets had sender information for another individual ("Individual 2") at an address in Studio City, California.

17. Studio City, California is located in Southern California and is approximately a two-hour drive from San Diego, California and an approximately twenty-minute drive from Los Angeles, California.

18. A check of American Airlines flight records showed that Los Angeles and San Diego were the most frequented California cities by Wanger. From on or about September 14, 2019, to on or about June 27, 2020, Wanger purchased at least nine (9) one-way American Airlines tickets to travel from Florida to California and from California to Florida. Specifically, Wanger purchased four (4) one-way tickets from Miami to Los Angeles, three (3) one-way tickets from Los Angeles to Miami, one (1) one-way ticket from Fort Lauderdale to Los Angeles, and one (1) one-way ticket from Fort Lauderdale to San Diego.

19. In addition, Wanger's backpack contained a white piece of paper with the name, address and telephone number of Individual 2 (Studio City), and the name of a third individual with an address and telephone number in Pompano Beach, Florida.

20. It is a common practice for narcotics traffickers to fly out to drug source locations near the U.S. border to purchase drugs and then utilize parcel companies such as FedEx, UPS, and the U.S. Postal Service to ship the drugs to designated locations.

21. A search of Wanger's carry-on suitcase revealed three (3) white, padded envelopes. One (1) envelope was empty and the other two (2) envelopes each contained a yellow, sealed envelope. Inside each yellow envelope was an unsigned Hallmark card containing loose U.S. currency concealed inside carbon paper.

22. It is a common practice for narcotics traffickers and couriers to separate and conceal illicit drugs and proceeds in carbon paper. Carbon paper was used historically to avoid detection by earlier generation screening machines employed by the Transportation Security Administration ("TSA"), and some criminals today continue to use this method.

23. When one of the officers asked about the purpose of the cards, Wanger stuttered and said he did not want to carry all his cash in one location.

24. A subsequent count of the U.S. currency recovered from inside the cards revealed it to be a total of approximately $7,050.00, as approximately $2,000.00 was recovered from one card and approximately $5,050.00 was recovered from the second card.

25. When asked to show the officers the contents of his pockets, Wanger removed a rubber-banded bundle of U.S. currency from his pants pocket.

26. A subsequent count of the rubber-banded bundle of U.S. currency recovered from Wanger's pants pocket revealed it to be approximately $3,550.00.

27. When asked about his occupation, annual income, tax obligations, and the origin of the currency in his pants pocket, Wanger responded he worked for "Dream Vacations" for one and a half years and earned approximately $46,000.00 annually. Wanger also stated he reported about $36,000.00 income on his last tax filing.

28. A later inquiry into Wanger's wages and earnings from in or around 2014 to 2020, revealed that Wanger's reported income was a total of approximately $2,777.15 from the fourth quarter of 2018.

29. One of the officers suggested that maybe Wanger had withdrawn the money out a bank or saved it at his home. Wanger initially indicated that he withdrew portions of the currency from a TD Bank ATM in the Brickell area of Miami, Florida. Upon further questioning, Wanger changed his story and stated his parents gave him $5,000.00 and his roommate ("Roommate") gave him $6,000.00.

30. Eventually, Wanger admitted to the officers that he intended to use the money to "buy weed."

31. During a call to his Roommate, whose telephone number Wanger provided to the law enforcement officers, Roommate also admitted that the money was intended to purchase marijuana, a controlled substance.

32. Upon Friend's arrival at FLL, Friend was questioned by one of the officers separately from Wanger. Friend said he was traveling with Wanger to San Diego, and that he and Wanger were then going to get his car out of the impound in Mexico. When asked about the amount of money owed to retrieve the vehicle, Friend said he had already paid the towing fee and only owed the vehicle's storage daily fee of approximately $50.00 in total.

33. Meanwhile, a third law enforcement officer arrived and met with Wanger. The third officer deployed her certified narcotic detector dog "Kizmet". "Kizmet" alerted to the presence of the odor of narcotics coming from a grey backpack, a black duffle bag, and currency strewn about on the floor by the kiosks. These alerts were consistent with alerts made during training exercises and live searches during which narcotics are located.

34. "Kizmet" is proofed off of currency during weekly maintenance canine training. This weekly training entails "Kizmet" being tested with currency that has the odor of narcotics as well as currency without the odor of narcotics, to ensure that she alerts only to the smell of narcotics and not the smell of the currency.

35. The third officer later also overheard Wanger state that the currency in his possession was going to be used to purchase marijuana.

36. The total amount of U.S. currency seized from Wanger was $21,400.00 in U.S currency, which is Defendant *In Rem*.

37. Administrative forfeiture proceedings against Defendant *In Rem* were initiated by the federal seizing agency, and Wanger filed an administrative claim requesting to contest the forfeiture of the Defendant *In Rem* in the U.S. District Court.

## CLAIM FOR FORFEITURE

38. The factual allegations in paragraphs 1 through 37 above are re-alleged as if fully set forth herein.

39. The Defendant *In Rem* is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of subchapter I of Title 21, United States Code, all proceeds traceable to such an exchange, and/or all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of subchapter I of Title 21, United States Code.

**WHEREFORE**, Plaintiff, the United States of America, requests that any person having any claim to the Defendant *In Rem* be directed to file and serve a verified claim and answer as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or suffer default thereof, and further requests that this Honorable Court declare the Defendant *In Rem* condemned and forfeited to the United States of America and for such other and further relief as this Court may deem just, necessary, and proper.

Respectively submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
**Richard O.I. Brown**
Assistant U.S. Attorney
Asset Forfeiture Attorney
Southern District of Florida
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tele: 561-209-1053
Fax: 561-655-9785
Admin. No.: A5500257

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I, Sean Kocher, hereby verify and declare under penalty of perjury that I am a Special Agent for the Drug Enforcement Administration, and that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and state that the contents are true to be best of my knowledge and belief.

Executed on this 12th day of November 2020.

SEAN KOCHER
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

JS 44 (Rev. 10/20) FLSD Revised 10/14/2020

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
TWENTY-ONE THOUSAND FOUR HUNDRED DOLLARS ($21,400.00) IN UNITED STATES CURRENCY,

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard O. I. Brown, AUSA, 500 S. Australian Avenue, Suite 400, West Palm Beach, FL 33401 Telephone: 561-209-1053

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 861 HIA (1395ff) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 862 Black Lung (923) | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI | |
| | | ☐ 555 Prison Condition | ☐ 865 RSI (405(g)) | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE:     DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6) Forfeiture in Rem Action
LENGTH OF TRIAL via 10 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE: 11/19/2020
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY : RECEIPT #     AMOUNT     IFP     JUDGE     MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**  **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**  **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
  Brief Description: Unauthorized reception of cable service

**VIII.**  **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

5.  FILING OF AN ANSWER: If you file a verified claim, you must then file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure **no later than 21 days after claim is filed**.

6.  FILING WITH COURT AND SERVICE ON UNITED STATES: The verified claim, answer, or other responsive pleadings must be filed with the **Clerk of the Court**, United States District Court, 299 East Broward Boulevard, Ft. Lauderdale, Florida 33301, and a copy of said Claim, Answer, or responsive pleading with any attachments must be sent to: **Richard Brown, Assistant United States Attorney** 500 S. Australian Avenue, 4th Floor, West Palm Beach, Florida 33401.

Failure to follow the requirements set forth above may result in judgment by default or relief demanded in the Complaint.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
Richard O.-I. Brown
Assistant United States Attorney
Court ID No.: A5500257
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1053
E-mail: richard.brown@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**UNITED STATES OF AMERICA,**

      Plaintiff,

vs.

TWENTY-ONE THOUSAND FOUR HUNDRED DOLLARS ($21,400.00) IN UNITED STATES CURRENCY,

      **Defendant** *In Rem.*
_____/

## WARRANT OF ARREST IN REM

**TO:   HOMELAND SECURITY INVESTIGATIONS OR ANY OTHER AUTHORIZED FEDERAL LAW ENFORCEMENT OFFICER**

**WHEREAS**, on November 20, 2020 the United States of America filed a Verified Complaint for Forfeiture in Rem against the above-captioned defendant property; and

**WHEREAS**, according to said Complaint, the Defendant property is in the Government's possession, custody or control; and

**WHEREAS**, Supplemental Rule G(3)(B)(i) provides that "the clerk must issue a warrant to arrest the property if it is in the government's possession, custody or control."

**NOW THEREFORE**, you are hereby commanded to take the Defendant property into your possession for safe custody. If the character or situation of the property is such that the taking of actual possession is impracticable, you shall execute this process by affixing a copy thereof to the property in a conspicuous place and by leaving a copy of the Complaint and process with the person having possession or his agent.

**YOU ARE FURTHER** commanded to cite and admonish the owner and/or possessor of the Defendant property and any person or firm known to claim any interest therein, to file, **no later than 35 days from the date notice was sent**, a Verified Claim in accordance with Rule G(5), of the Supplemental Rules for Certain Admiralty and Maritime Claims; to therewith or within twenty (20) days thereafter file an Answer or other responsive pleading to the Complaint, a copy of which Complaint you shall supply with this Warrant; to file the Claim and Answer or other responsive pleading with the **Clerk of the Court**, United States District Court, 299 East Broward Boulevard, Ft. Lauderdale, Florida 33301 and to send a copy of said Claim, Answer or responsive pleading, to **Richard O.I. Brown**, **Assistant United States Attorney** 500 S. Australian Avenue, 4th Floor, West Palm Beach, Florida 33401; the Claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property and be signed by the claimant under penalty of perjury, and that upon the failure of the owner, possessor or any party claiming an interest in the Defendant property to comply with Supplemental Rule G, the Defendant property may be forfeited to the United States by default and without further notice or hearing.

**AND YOU ARE FURTHER** commanded to make due and prompt return of this Warrant to this Court upon its execution.

                                                             ANGELA E. NOBLE, CLERK
                                                             UNITED STATES DISTRICT COURT
                                                             SOUTHERN DISTRICT OF FLORIDA

DATED: _____                        By: _____
                                                                     DEPUTY CLERK

cc: AUSA Richard Brown (2 certified copies)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.

TWENTY-ONE THOUSAND FOUR HUNDRED DOLLARS ($21,400.00) IN UNITED STATES CURRENCY,

      **Defendant** *In Rem.*
_____/

**CIVIL COMPLAINT COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   _X_ No

      Respectfully submitted,

      ARIANA FAJARDO ORSHAN
      UNITED STATES ATTORNEY

By:  *s/ Richard O. I. Brown*
      Richard O. I. Brown
      Assistant United States Attorney
      Court ID No.: A5500257
      500 S. Australian Avenue, Suite 400
      West Palm Beach, Florida 33401
      Telephone: (561) 209-1053
      E-mail: richard.brown@usdoj.gov